M’G-irk, C. J.,
delivered the opinion of the Court.
Action of assumpsit, for raising and talcing care of the child of the plaintiff. This cause was tried in the county of Jefferson, at the last ’ term of the Circuit Court. Roberts, the plaintiff below, had a verdict, and the cause is brought here by writ of' error. The evidence is preserved by a bill of exception, as follows: It was proved, on the part of the plaintiff, that the defendant’s infant daughter, before it could walk, at the age of eleven months, after the death of the mother, was, by the defendant, put at the house and in the care of the witness, her uncle.. After the child had remained there a short time, the witness informed the defendant, the situation of his family did not make it convenient for the child to he taken care of by them; hut that the plaintiff’s wife, (the aunt, also, of the child) had expressed a wish, and offered to take the child and raise it as one of her own children, if the defendant would consent thereto. That, on that matter being made, known to the defendant, he informed the witness that the plaintiff’s wife might take the child, agreeably to her wishes. This happened in the year 1807 or 8. The plaintiff kept the child at his house, as one of his family, about ten or eleven years, when the defendant took her away from the plaintiff. There was some evidence as to the manner of treating the child; there was evidence to raise the presumption, that the services in the declaration mentioned, as performed by the plaintiff and family* were voluntary, and intended as a gratuity, for which it was not the intention of either of the parties, that any remuneration should be given. But. as to that, no particular agreement was proved. Upon this state of the facts, the defendant in the Court below, moved the Court to ■ instruct the jury, that if they should find that at the time the child was taken by the plaintiff as aforesaid, and during the time of its continuance with the plaintiff, it was the intention of both parties that the said services should he a voluntary, gratuity on the part of the plaintiff, for which he was to charge nothing, then they should find for the defendant, which instructions the Court refuáed to give, hut instructed the jury, if they should find the services had been done by the plaintiff, at the request of *69 the defendant, the law raised a promise on the part of the defendant, that he would pay therefor, unless they should find a positive agreement to the contrary. And then the defendant’s counsel requested the Court to instruct the jury, if they should find it was the mutual understanding of the parties, at the time the child was tallen by the plaintiff to keep, and during her continuance with him, the services should he a voluntary gratuity, for which the plaintiff was to receive nothing, it would be tantamount to an agreement to that effect; which instruction was also refused. But the Court replied, it was difficult to define the meaning of the word understanding, and that it would be more easy to define what was an agreement. The defendant’s counsel then requested tire Court to instruct the jury, if they should find it was the intention of both the parties, at and during the time said services were rendering, that they should be rendered for nothing but as a 'voluntary gratuity, that that would amount to a contract to that effect, which wa3 also refused ; but the Court instructed the jury, it would not, unless there was a communication between the parties concerning the agreement. The defendant’s counsel then requested the Court to instruct the jury, that if the communication was through third persons, it was a sufficient communication to such contract. To which the Court merely remarked, that this should be left to the jury; whereupon the jury found for the plaintiff! It is now submitted to this Court, if the Circuit Court erred inrefusing the instruction required, or if it erred in giving the instruction given.
If a Court refuse to give instructions, which become material on the state of a cause, it is error, though the Court is not bound to give instructions in the words asked for, however material the instructions might he. But it must take care to give the instructions substantially, so as to meet the whole of the point which is material. The Court is not bound to instruct on abstract propositions of law, not connected with the cause. The first instruction required in this case was, that if the jury found that at the time the child was taken by the plaintiff, and during its continuance with him, it was the intention of both parties the services should be a voluntary gratuity-on the part of the plaintiff, and that he was to charge nothing therefor, they should find for defendant. First, was this instruction warranted by the state of the evidence ? The hill of exceptions says, evidence was before the jury to raise this presumption. It does not show how much, or how little, but there was some of a competent nature. It appears manifest, then, the instruction requested was proper, and ought to have been substantially given. What instruction did the Court give on, that point? The Court said to the jury, if they should find the‘services had been, done by the plaintiff) at the request of the defendant, the law raised a presumptive promise, on the part of the defendant, that he would pay therefor, unless they should find a positive agreement to the contrary. This was, as to the first part thereof, a good abstract proposition of law, but was not warranted by the state of the case ; and it is true in law, if it was the intention of both parties it should be a voluntary courtesy, no action would lie; for, that which is undertaken without a view to a certain recompense, will not support an action; and this was the shape which the cause had then assumed. In general, if it is proved work has been done, which, in. its nature, is beneficial, the law supposes a request, and if the contrary does not appear, the plaintiff will recover. But in this case, the request came from the plaintiff’s wife to the defendant; and the jury might have found here, that the husband either desired the wife to do so, or sanctioned it, when he was informed of what she *70 had done, otherwise he would not have home it for ten years; so that, what the wife does, with the knowledge of the husband, is considered his act, unless he disafirm it. But the Court say, if the work is done, and the request proved, the promise is fixed, unless the defendant prove a positive agreement to the contrary. Positive, in common parlance, means absolute, certain. If this was all the Court meant by positive, and the jury so comprehended it, it would not be likely to do mischief; but if the Court meant the promise must bo express, and not implied, it was a great error. The Court seem to have used the expression, positive, in the latter sense; in this point of view, the instruction was calculated to mislead the jury, and therefore erroneous.
The counsel for the defendant then framed his proppsition of law in another mould, and called on the Court to say to the jury, if they found it was the mutual understanding of the parties at the time the services commenced, and during its continuance, that it should be a gratuity, it would be tantamount to a positive agreement, they must find for the defendant. The Court refused this instruction, orí the ground, perhaps, that the law had been laid down on that point, in the previous instruction. However, the Court said, the word understanding was difficult to define; it would be more easy to define an agreement, but would undertake to define neither. If the court had conceived the law which governed the case had been laid down in the first instance, it would have been better to have said so. ' But this request of additional instruction grew out of the first instructions as to the positive agreement, and therefore, was proper to he asked ; the Court having objected to the terms in which the last instructions prayed for were couched, it became proper to vary the terms. The counsel then prayed the Court to instruct the jury, if they found it was the intention of the parties, that the services should be a gratuity, then the requisition of a positive agreement would he satisfied, and that they must then find, &c. The Court refused this also, hut said if the jury should so find, yet it would not satisfy the want of a positive agreement, unless they should also find that this mutual intention was communicated between the parties, concerning the agreement. This instruction, in the abstract, was true; for the hare intention, existing in the breast of both, and. communicated by neither, would not make an agreement in law.
It was, then, proper to have the jury instructed in this case, (as the only communication proved, was by a third person,) what the mode of communication should be; and defendant insisted, that itwas not necessary, in law, the parties should speak face to face, hut it would be sufficient, in law, if the parties knew this intention by the intervention of a third person. The Court did not tell the jury what was the law on that point, but referred ■ that matter of law to them, which was wrong. But the real question hero is, that contained in the substance of the first instructions prayed for: that, if the service was undertaken, without a view to recompense, the action could not be maintained; and if the Court had so instructed the jury, the verdict might have been different.
Let the judgment be reversed, and remanded to the Circuit Court of Jefferson county, for a new trial, not inconsistent with this opinion; and let the plaintiff in error have the costs of this writ.